UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRUCK-LITE CO., LLC,                                   18-CV-599-LJV-MJR
                                                       REPORT AND RECOMMENDATION
              Plaintiff,

   -v-

GROTE INDUSTRIES, INC.,

              Defendant.
_____

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 12). Presently before the Court is defendant Grote Industries, Inc.'s motion to dismiss plaintiff Truck-Lite Co., LLC's Second Amended Complaint (Dkt. No. 29 ("SAC")) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for summary judgment under Rule 56. (Dkt. No. 30).[1] The Court heard oral argument on the motion on January 7, 2019. (Dkt. No. 35 (Oral Arg. Tr.)). For the following reasons, it is recommended that defendant's motion be denied in its entirety.

## BACKGROUND[2]

Plaintiff, a Delaware limited liability company with its principal place of business in Falconer, New York, is a leading manufacturer and distributor of vehicular lighting products, such as work lamps, strobe lamps, and stop/tail/turn lamps. (SAC ¶¶6, 33). In

---

[1] Defendant styled its motion as one to dismiss for lack of personal jurisdiction and for failure to state a claim for relief. (*See* Dkt. No. 30 (Notice of Motion) at 1). However, at oral argument, defense counsel acknowledged that the portion of defendant's motion seeking dismissal for failure to state a claim should be treated as a motion for summary judgment. (Oral Arg. Tr. at 35-36). The Court will thus treat defendant's motion as a combined motion to dismiss for lack of personal jurisdiction and for summary judgment.

[2] Taken from the pleadings and motion papers filed in this action.

1999, plaintiff redesigned its flagship stop/tail/turn lamp (the Model 44) by developing "a unique and visually pleasing arrangement for the LED's"[3] within the lamp.  (SAC ¶34). Plaintiff refers to this arrangement of LED's as the "penta-star" pattern.  (*Id.*).   In 2007, plaintiff applied for a trade dress trademark on the penta-star pattern embodied in the Model 44.  (*Id.* ¶36).  The United States Patent and Trademark Office ("USPTO") examined the application and issued plaintiff U.S. Trademark Registration 3,483,147 (the "'147 Registration").  (*Id.*).  The following image depicts the trade dress at issue in the '147 Registration:



(*Id.*).

In 2008, plaintiff applied for a second trade dress trademark on the penta-star pattern embodied in a variety of its vehicular lighting products.  (*Id.* ¶37).  The USPTO examined the application (U.S. Trademark Serial No. 77/618,319 (the "'319 Application")) and published it for opposition.  (*Id.*).  The following image depicts the trade dress at issue in the '319 Application:



---

[3]   "LED" stands for light-emitting diode, a type of light source.

(*Id.*).

Defendant, an Indiana corporation with its principal place of business in Madison, Indiana, filed with the Trademark Trial and Appeal Board ("TTAB") a Notice of Opposition against the '319 Application and a Petition for Cancellation against the '147 Registration. (*Id.* ¶¶7, 47-48). The TTAB consolidated defendant's Notice of Opposition and Petition for Cancellation into a single proceeding (*id.* ¶49), and in 2018, the TTAB issued a decision sustaining both the Notice and the Petition (*id.* ¶52 & Ex. C (TTAB Decision)).

Plaintiff thereafter commenced the instant action seeking *de novo* judicial review of the TTAB's decision under 15 U.S.C. §1071(b)(1). (Dkt. No. 1 (Original Complaint)). Plaintiff then filed an Amended Complaint (Dkt. No. 15) and a Second Amended Complaint (Dkt. No. 29), with the Second Amended Complaint now serving as the operative complaint. Plaintiff's Second Amended Complaint asserts ten causes of action, the first nine of which concern defendant's alleged advertisement, offer for sale, and sale of competing work lamp, strobe lamp, and stop/tail/turn lamp products that make use of the penta-star pattern. (*See id.*). Specifically, plaintiff's first and fourth causes of action assert federal unfair competition and trademark infringement claims concerning defendant's alleged advertisement, offer for sale, and sale of a competing work lamp product. (*Id.* ¶¶55-71, 107-22). The second and fifth causes of action assert federal unfair competition and trademark infringement claims concerning defendant's alleged advertisement, offer for sale, and sale of a competing strobe lamp product. (*Id.* ¶¶72-88, 123-38). Plaintiff's third and sixth causes of action assert federal unfair competition and trademark infringement claims concerning defendant's alleged advertisement and

promotion of a competing stop/tail/turn lamp product. (*Id.* ¶¶89-106, 139-54).[4] The seventh, eighth, and ninth causes of action assert New York state law claims for trademark infringement, unfair competition, and dilution relating to defendant's advertisement, offer for sale, and sale of its competing work lamp, strobe lamp, and stop/tail/turn lamp products. (*Id.* ¶¶155-96). Plaintiff's tenth cause of action again seeks *de novo* judicial review of the TTAB's decision. (*Id.* ¶¶197-202).

Plaintiff now moves to dismiss the Second Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) and for summary judgment under Rule 56. (Dkt. No. 30). The Court heard oral argument on the motion on January 7, 2019, during which it requested supplemental briefing on certain legal issues. (Oral Arg. Tr. at 36-37).[5] The parties timely submitted their supplemental briefs and response briefs. (*See* Dkt. Nos. 36-39). As set forth below, defendant's motion should be denied in its entirety.

## DISCUSSION

The Court will address defendant's motion to dismiss for lack of personal jurisdiction before turning to its motion for summary judgment.

   I.   *Personal Jurisdiction*

The Court must address at the outset plaintiff's argument that defendant waived or forfeited its personal jurisdiction defense by simultaneously moving for summary judgment on plaintiff's claims.

---

[4] Plaintiff's federal unfair competition and trademark infringement claims are brought under the Lanham Act, 15 U.S.C. §1051 *et seq.*

[5] The Court requested supplemental briefing on these four issues: (1) whether defendant waived its personal jurisdiction defense by seeking summary judgment on plaintiff's claims; (2) whether the Court has personal jurisdiction over defendant under N.Y. C.P.L.R. §302(a)(3)(ii); (3) whether the Court has pendent personal jurisdiction over any of plaintiff's claims; and (4) whether the danger of inconsistent results favors exercising personal jurisdiction over defendant with respect to all of plaintiff's claims. (Oral Arg. Tr. at 36-37).

"To waive or forfeit a personal jurisdiction defense a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción*, 832 F.3d. 92, 102 (2d Cir. 2016) (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).  Thus, for example, a defendant may forfeit the defense "by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss" for lack of personal jurisdiction.  *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 59 (2d Cir. 1999).

Defendant has not forfeited or waived its personal jurisdiction defense here because it asserted the defense from the very beginning of this action by raising it in its prior motions to dismiss plaintiff's Original Complaint and First Amended Complaint (*see* Dkt. Nos. 11, 20), and it now raises the defense in its motion to dismiss plaintiff's Second Amended Complaint (*see* Dkt. No. 30).  While defendant also seeks to dispose of plaintiff's Second Amended Complaint on summary judgment grounds, merely requesting alternative relief in the same motion does not operate as a waiver or forfeiture of a personal jurisdiction defense.[6]  Accordingly, the Court will proceed to consider whether it has personal jurisdiction over defendant with regard to each of plaintiff's claims.  *See*

---

[6] *Roll v. Tracor, Inc.*, relied upon by plaintiff in its supplemental briefing, is distinguishable because the defendants in that case moved for summary judgment well before the parties litigated the issue of personal jurisdiction.  26 F. Supp. 2d 482, 484-85 (W.D.N.Y. 1998).  *Corporación Mexicana* is likewise distinguishable because the defendant in that case attempted to re-assert its personal jurisdiction defense after abandoning the defense earlier in the litigation.  832 F.3d at 101-02.

*Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 437 (2d Cir. 2008) (summary order) ("A plaintiff must plead personal jurisdiction with respect to each claim asserted.").

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). "The nature of plaintiff's burden to demonstrate jurisdiction 'varies depending on the procedural posture of the litigation.'" *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d 615, 620 (S.D.N.Y. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). "Where, as here, no evidentiary hearing has been held, the plaintiff 'need make only *a prima facie* showing by its pleadings and affidavits that jurisdiction exists,'" *Chatwal Hotels & Resorts LLC v. Dollywood Co.*, 90 F. Supp. 3d 97, 102 (S.D.N.Y. 2015) (internal quotation marks and citations omitted), and "[t]he facts gleaned from the pleadings and affidavits are to be construed in the light most favorable" to the plaintiff, *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 563 (S.D.N.Y. 2000). Here, plaintiff relies on its Second Amended Complaint and the Declaration of James A. Cairns (Dkt. No. 31-2 ("Cairns Dec.")) to meet its *prima facie* burden.

The Court employs a two-step inquiry to determine whether personal jurisdiction exists over a defendant. "First, the court determines whether the laws of the forum state permit the exercise of jurisdiction over the defendant[ ]." *Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 102-03. The forum state in this case, New York, sets forth two ways to establish personal jurisdiction: (1) general jurisdiction under N.Y. C.P.L.R. §301; and (2) specific jurisdiction under New York's long-arm statute, N.Y. C.P.L.R. §302. "If the laws

of the forum state permit jurisdiction, the court then determines whether the exercise of such jurisdiction comports with the requirements of due process." *Id.* at 103.

Plaintiff argues that it has made a *prima facie* showing that New York's long-arm statute, specifically, N.Y. C.P.L.R. §§302(a)(1), (a)(2), and (a)(3)(ii), give rise to personal jurisdiction over defendant with regard to its first nine claims concerning the work lamp, strobe lamp, and stop/tail/turn lamp products. (SAC ¶¶15-16, 20, 25). At oral argument on defendant's motion, defense counsel acknowledged that defendant is not challenging personal jurisdiction with regard to plaintiff's work lamp claims, but that it is contesting personal jurisdiction with respect to its strobe lamp and stop/tail/turn lamp claims. (*See* Oral Arg. Tr. at 35). The Court will thus analyze whether plaintiff's claims concerning these two products fall within N.Y. C.P.L.R. §§302(a)(1), (a)(2), or (a)(3)(ii) and comport with the requirements of due process. It will then turn to plaintiff's argument that the Court has "pendent personal jurisdiction" over plaintiff's tenth claim seeking *de novo* judicial review of the TTAB's decision.

A. <u>N.Y. C.P.L.R. §302(a)(1)</u>

N.Y. C.P.L.R. §302(a)(1) permits the Court to "exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state" so long as the cause of action arises from that transaction. Plaintiff argues that personal jurisdiction exists under this provision because defendant offered its strobe lamp and stop/tail/turn lamp products for sale on its website and actually sold two of its strobe lamp products to a customer in New York.

Defendant's use of its website to sell its products, without more, is not enough to establish personal jurisdiction under N.Y. C.P.L.R. §302(a)(1). *See ISI Brands, Inc. v.*

*KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006).  Instead, plaintiff must show at least "some degree of commercial activity occurred in New York" and that its claims arise out of this activity.  *See id.*  Plaintiff has not met this burden here with regard to its stop/tail/turn lamp claims because it does not assert that defendant ever sold any of these products in New York.  As for plaintiff's strobe lamp claims, plaintiff has shown that defendant did in fact sell two of these products to one of its distributors in Blasdell, New York, but it is undisputed that plaintiff orchestrated these sales during the pendency of the instant lawsuit.  (Cairns Dec. ¶5 & Ex. B).  "[T]he vast weight of authority is that a finding of personal jurisdiction may not rest solely on an act . . . instigated by a plaintiff." *Buccellati Holding Italia SPA*, 935 F. Supp. 2d at 623.  "The logic of these cases is that a plaintiff cannot rely solely on its own manipulative acts to create jurisdiction, and that in such circumstances the defendant cannot be said to have purposefully availed itself of the privilege of conducting activities in the state selected by plaintiff."  *Id.* at 624. "Moreover, in cases where, as here, [plaintiff's] causes of action are founded on notions of consumer confusion, courts have concluded that it is improper to rely on a transaction — for jurisdictional purposes — in which the purchaser obviously was not confused as to the source of the merchandise."  *Id.*  Thus, the orchestrated sales of the strobe lamp products into New York do not count as the transaction of business within the state under N.Y. C.P.L.R. §302(a)(1), making that provision inapplicable to both plaintiff's strobe lamp and stop/tail/turn lamp claims.

      B.  *N.Y. C.P.L.R. §302(a)(2)*

N.Y. C.P.L.R. §302(a)(2) allows the Court to exercise personal jurisdiction over a defendant who "commits a tortious act within the state."  "This provision 'reaches only

- 8 -

tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act.'" *ISI Brands, Inc.*, 458 F. Supp. 2d at 89 (quoting *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997)). "The existence of a website outside New York, even one that offers a product for sale, cannot alone confer jurisdiction over the defendant under" this provision. *Id.* Plaintiff does not allege that defendant, a corporation organized and headquartered in Indiana, physically entered New York and committed a tortious act against it within the state. Consequently, the Court lacks personal jurisdiction over defendant under N.Y. C.P.L.R. §302(a)(2).

### C. N.Y. C.P.L.R. §302(a)(3)(ii)

Personal jurisdiction exists over a defendant under N.Y. C.P.L.R. §302(a)(3)(ii) if: "(1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce." *Penguin Grp. (USA) Inc. v. Am. Buddha,* 609 F.3d 30, 35 (2d Cir. 2010). Plaintiff argues that defendant's advertisement and promotion of its strobe lamp and stop/tail/turn lamp products on its website (*see* SAC ¶¶28, 43; Cairn Dec. ¶¶6, 10 & Ex. G) is a tortious act outside the state that gives the Court personal jurisdiction over defendant with regard to these claims.

Turning to the first and second requirements of N.Y. C.P.L.R. §302(a)(3)(ii), "[w]here an Internet site displays allegedly infringing marks, the tort is deemed to be committed where the website is created and/or maintained." *Starmedia Network, Inc. v. Star Media, Inc.*, No. 00 CIV 4647(DLC), 2001 WL 417118, at *2 (S.D.N.Y. Apr. 23, 2001);

*see also PDK Labs, Inc. v. Proactive Labs, Inc.*, 325 F. Supp. 2d 176, 180 (E.D.N.Y. 2004) (noting that trademark infringement can be a tortious act under N.Y. C.P.L.R. §302(a)(3)(ii)).  Given that defendant has its principal place of business in Indiana, it can be inferred that its website, which advertised the competing strobe lamp and stop/tail/turn lamp products, is maintained in that state.  Defendant does not argue otherwise.  Plaintiff's claims arise out of defendant's advertisement of the strobe lamp and stop/tail/turn lamp products on its website because plaintiff alleges that these products infringe the penta-star pattern within its strobe lamp and stop/tail/turn lamp products.[7]

Plaintiff has also met its burden as to the third requirement, that it suffered an injury within New York.  "Injury within the state includes harm to a business in the New York market in the form of lost sales or customers." *Citigroup Inc.*, 97 F. Supp. 2d at 568.  *Cf. Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013) (recognizing that the mere suffering of economic damages in New York is insufficient to establish injury within the state).  In trademark cases, "the injury requirement is satisfied by harm and threatened harm resulting from actual or potential confusion and deception of internet users in New York State." *Chatwal Hotels & Resorts LLC,* 90 F. Supp. 3d at 106 (quoting *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008)).  Plaintiff has satisfied this requirement here by alleging that defendant's advertisement of its strobe lamp and stop/tail/turn lamp products on its website likely

---

[7] Contrary to defendant's argument, the fact that it merely displayed the stop/tail/turn lamp as "coming soon" for a brief period of time on its website and never actually sold the product does not preclude personal jurisdiction under N.Y. C.P.L.R. §302(a)(3)(ii) because trademark infringement "is not limited to situations where the infringing mark has been used in connection with the actual sale of a product." *See PDK Labs, Inc.*, 325 F. Supp. 2d at 180 ("[C]ourts have found that trademark infringement litigation may proceed even in the absence of the product having been sold."); *see also Aaron Consulting Co., LLC v. Snap Sols. LLC*, No. 16-CV-6775(NGG)(VMS), 2018 WL 4568800, at *6 (E.D.N.Y. Sept. 20, 2018) (same).

confused and deceived consumers as to the source and origin of those products, including consumers in New York, the state in which plaintiff has its principal place of business. (SAC ¶¶28, 79, 80, 97, 98, 129, 130, 145, 146, 160, 162, 163, 177, 179, 180, 190).

Defendant should have reasonably expected that its advertisement of its strobe lamp and stop/tail/turn lamp products on its website would have consequences in New York. Under this prong, "courts require some discernible effort by the defendant to directly or indirectly serve the New York market." *Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 107 (quoting *Parker Waichman Alonso LLP v. Orlando Firm, P.C.*, No. 09 Civ. 7401(CM), 2010 WL 1956871, at *10 (S.D.N.Y. May 14, 2010)). Here, defendant has attempted to serve the New York market by using its website to advertise its strobe lamp and stop/tail/turn lamp products to customers located in the state. *Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 107 ("The defendants should have reasonably expected its [sic] acts to have consequences in New York when it used its allegedly infringing website and emails to attract customers across the nation, including [in] New York."). For instance, defendant's website includes a Distributor/Dealer Locator feature that informs customers in New York that they can purchase defendant's products from over one-hundred stores and distributors within the state. (SAC ¶28(c)). Defendant also allows customers to purchase its products from its website using New York billing and shipping addresses. (*Id.* ¶28(f); Cairns Dec. ¶11 & Ex. H). Moreover, in addition to its activities on its website, defendant maintains a sales representative in New York who solicits sales of defendant's products to consumers within the state. (SAC ¶28(b)).

Finally, plaintiff has shown that defendant derives substantial revenue from interstate or international commerce. This requirement "is meant 'to narrow the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character.'" *Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 107 (quoting *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 215 (2000)). Plaintiff's business is not of a local character because it is the second largest competitor for heavy-duty vehicular lighting products in the United States. (SAC ¶28(k)). Customers throughout the United States (and, presumably, other parts of the world) can buy defendant's products on its website and the Amazon website. (SAC ¶28(f); Cairns Dec. ¶¶11, 13 & Exs. H, J). Plaintiff even has manufacturing operations outside the United States, in Canada and Mexico. (Cairns Dec. Ex. H); *see LaMarca*, 95 N.Y.2d at 215 ("A Texas corporation with a manufacturing facility in Virginia is inherently engaged in interstate commerce.").

In sum, all five requirements of N.Y. C.P.L.R. §302(a)(3)(ii) are met with respect to plaintiff's strobe lamp and stop/tail/turn lamp claims. The Court must therefore determine whether exercising personal jurisdiction over defendant in connection with these claims comports with due process.

Due Process is a two-part inquiry consisting of "the 'minimum contacts' test, and the 'reasonableness inquiry.'" *Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 107 (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002)). "The test for minimum contacts is whether a defendant purposefully availed itself of the privilege of doing business in the forum state and could reasonably anticipate being haled into court there." *Id.* (internal quotation marks and citations omitted). The

test also requires the plaintiff's claims to arise out of or relate to the defendant's contacts with the forum state.  *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242 (2d Cir. 1999). The reasonableness requirement "hinges on whether the assertion of jurisdiction comports with 'traditional notions of fair play and substantial justice.'"  *Chatwal Hotels & Resorts LLC*, 90 F. Supp. 3d at 107 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  In assessing reasonableness, the Court must consider:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial's [sic] system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering social substantive policies.

*Kernan*, 175 F.3d at 244 (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)).

As discussed under N.Y. C.P.L.R. §302(a)(3)(ii), defendant purposefully directed its conduct into New York by operating an interactive and commercial website that allows consumers within the state to purchase its products.  *See Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089(GEL), 2004 WL 1824102, at *10 (S.D.N.Y. Aug. 13, 2004) ("The interactive and commercial nature of [defendant's] [w]ebsites . . . clearly amount to 'purposeful direction' of conduct.").  Defendant should have reasonably foreseen having to defend itself in a New York court given that it targeted customers within the state and plaintiff has its principal place of business here.  *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494, 499 (S.D.N.Y. 1997) ("It was reasonable for defendant to anticipate being haled into New York to defend itself from claims arising from the use of its mark in selling its services, because defendant sold its services there.").

Plaintiff's Second Amended Complaint also arises out of defendant's contacts with New York because it alleges consumer confusion and deception based upon defendant having used its website to advertise its competing products to consumers within the state.

Exercising personal jurisdiction over defendant is also reasonable under the circumstances. Although defendant is located in Indiana and may be somewhat inconvenienced by having to litigate this case in New York, it should have reasonably expected that any litigation concerning the penta-star pattern could occur within the state given that its website targeted New York consumers and plaintiff is headquartered here.[8] Similarly, New York has a clear interest in adjudicating this dispute because the case involves the alleged confusion and deception of New York consumers and harm to a plaintiff whose principal place of business is in New York. *See Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-CV-2897(JPO), 2018 WL 5118638, at *5 (S.D.N.Y. Oct. 22, 2018) ("New York has a clear interest in protecting in-state consumers from 'confusion resulting from the misappropriation of trademarks or trade dress[.]'") (quoting *Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 956 F. Supp. 427, 437 (S.D.N.Y. 1996)). It would be most efficient to resolve plaintiff's entire case in this forum as well because the Court already has personal jurisdiction over defendant with regard to plaintiff's work lamp claims. Additionally, "[a] single action would promote the interstate judicial system's shared interests in obtaining the most efficient resolution of the controversy." *LaMarca*, 95 N.Y.2d at 219. Thus, exercising personal jurisdiction over defendant with respect to plaintiff's strobe lamp and stop/tail/turn lamp claims does not offend due process.

---

[8] *Edberg v. Neogen Corp.*, relied upon by defendant in its motion papers, is distinguishable because the defendant's website in that case neither targeted consumers within the forum state nor allowed consumers in the forum state to purchase defendant's products directly from the website. 17 F. Supp. 2d 104, 114 (D. Conn. 1998).

Accordingly, plaintiff has made a *prima facie* showing that the Court has personal jurisdiction over defendant with regard to its strobe lamp and stop/tail/turn lamp claims. Defendant's motion to dismiss these claims for lack of personal jurisdiction should be denied.

### D. Pendent Personal Jurisdiction

Plaintiff asserts that the Court has pendent personal jurisdiction over defendant with regard to its tenth claim seeking *de novo* review of the TTAB's decision. (SAC ¶29).

"Pendent personal jurisdiction, like its better known cousin, supplemental subject matter jurisdiction, exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 783 (N.D. Tex. 2008). "In essence, once a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction." *Id.* (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002)).

The Second Circuit has held that pendent personal jurisdiction applies when: (1) the anchor claim for which it has independent personal jurisdiction involves a federal statute authorizing nationwide service of process; and (2) the pendent claim for which it lacks independent personal jurisdiction is a state law claim that derives from a common nucleus of operative fact as the anchor federal claim. *See Charles Schwab Corp. v. Bank*

*of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993). While this may be the "traditional application" of pendent personal jurisdiction, *Famular v. Whirlpool Corp.*, No. 16 CV 944(VB), 2017 WL 2470844, at *6 (S.D.N.Y. June 6, 2017), the Second Circuit has indicated that it is not the only application. Indeed, the Second Circuit has endorsed extending the doctrine to instances where both the anchor and pendent claims are state law claims. *See Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716 (2d Cir. 1980); *Hanly*, 290 F. App'x at 438; *see also Elexco Land Servs., Inc. v. Hennig*, No. 11-CV-214-RJA-JJM, 2011 WL 13213268, at *2 & n.5 (W.D.N.Y. Nov. 17, 2011) (McCarthy, M.J.) (citing *Hanly* with approval). Courts outside of the Second Circuit have gone a step further and applied the doctrine where both the anchor and pendent claims are federal claims. *See Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1253 (D. Colo. 2010); *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 556 (E.D. Va. 2009). Building on the foregoing authority, the Court finds no principled reason not to apply pendent personal jurisdiction where, as here, the anchor claims are a combination of federal and state law claims and the pendent claim is a federal claim seeking *de novo* review of a TTAB decision, so long as all of the claims derive from a common nucleus of operative fact. Here, plaintiff's claims do indeed derive from a common nucleus of operative fact because they all stem from the penta-star pattern, whether the pattern has "acquired distinctiveness," and the parties' competing use of the pattern. (SAC ¶31); *see Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel*, 283 F. Supp. 3d 519, 523 (E.D. Va. 2017) (finding TTAB appeal, trademark infringement, and unfair competition claims "arise out of [the] same set of operative facts, namely, that defendant plans to sell products under a mark that would infringe on and

dilute plaintiff's trademark). Accordingly, pendent personal jurisdiction applies to plaintiff's TTAB appeal claim.[9]

Pendent personal jurisdiction is ultimately a discretionary doctrine. *See Gen. Star Indem. v. Anheuser-Busch Cos., Inc.*, 199 F.3d 1322 (2d Cir. 1999) (unpublished opinion). However, the Court elects to exercise its discretion to apply it here for reasons of judicial economy. The Court has already determined that it has independent personal jurisdiction over defendant with regard to plaintiff's first nine causes of action. It would not promote judicial economy to litigate plaintiff's tenth claim in another jurisdiction, particularly because all of plaintiff's claims derive from a common nucleus of operative fact. Relatedly, declining jurisdiction over plaintiff's TTAB appeal claim could result in plaintiff pursuing that claim in another forum, which would not only inconvenience the parties, but also raise the specter of inconsistent results. The Court has a strong interest in avoiding such piecemeal litigation. *See Noble Sec., Inc.*, 611 F. Supp. 2d at 556 ("The Court finds that judicial economy and convenience of the parties is best facilitated by consideration of all legal theories arising from the single set of operative facts before the Court . . . ."). Thus, the Court should exercise pendent personal jurisdiction over plaintiff's tenth claim seeking *de novo* judicial review of the TTAB's decision.

---

[9] For the same reasons, even if the Court lacked personal jurisdiction over defendant with respect to plaintiff's strobe lamp and stop/tail/turn lamp claims under New York's long-arm statute, the Court would have pendent personal jurisdiction over these claims because they derive from a common nucleus of operative fact as plaintiff's work lamp claims, for which the Court unquestionably has independent personal jurisdiction over defendant.

II.     *Summary Judgment*

Defendant moves in the alternative for summary judgment on all of plaintiff's claims, with the exception of plaintiff's tenth claim seeking *de novo* judicial review of the TTAB's decision.

"Although a motion for summary judgment may be filed 'at any time until 30 days after the close of all discovery,' Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate until after some discovery has occurred." *Houston v. Sheahan*, No. 13-CV-6594-FPG, 2016 WL 554849, at *1 (W.D.N.Y. Feb. 10, 2016). "[O]nly in the *rarest of cases* may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (emphasis added). Although defendant argues that plaintiff had the opportunity to conduct discovery before the TTAB, plaintiff has explained that this prior round of discovery did not address all of the legal issues present in the instant action. (Oral Arg. Tr. at 27, 30). Plaintiff has also identified additional evidence it wishes to pursue in this action in support of its claims. (SAC ¶201); *see B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1301 (2015) ("After the TTAB decides whether to register the mark, a party can . . . file a new action in district court. In district court, the parties can conduct additional discovery . . . .") (internal citation omitted). Given plaintiff's need for discovery, this is not the rare case in which the Court should entertain a pre-answer motion for summary judgment under Rule 56. Therefore, defendant's motion for summary judgment should be denied without prejudice as premature.

**CONCLUSION**

For the foregoing reasons, it is recommended that defendant's combined motion to dismiss plaintiff's Second Amended Complaint for lack of personal jurisdiction and for summary judgment (Dkt. No. 30) be denied in its entirety.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal

authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED**.

Dated:   April 2, 2019
         Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge