UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRUCK-LITE CO., LLC,

    Plaintiff,

v.                                       18-cv-599 (JLS) (MJR)

GROTE INDUSTRIES, INC.,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Truck-Lite Co., LLC commenced this action on May 24, 2018, seeking relief related to its penta-star trade dress. *See* Dkt. 1; *see also* Dkt. 29.[1] Specifically, Truck-Lite alleges ten claims against Defendant Grote Industries, Inc., for: (1) unfair competition under the Lanham Act for infringement of the penta-star pattern in Grote's work lamp, strobe lamp, and stop/tail/turn lamp products; (2) trademark infringement, unfair competition, and unfair business practices under New York law; and (3) review of the Trademark Trial and Appeal Board ("TTAB") decision finding that the penta-star pattern lacked acquired distinctiveness. *See generally* Dkt. 29.

Grote moved to dismiss the Second Amended Complaint on November 16, 2018, arguing that the Court lacked personal jurisdiction over Truck-Lite's claims,

---

[1] Truck-Lite's Second Amended Complaint, filed on October 25, 2018, is the operative complaint, which underlies this decision and order. *See* Dkt. 29.

and that all counts except the TTAB count failed to state claims for relief.[2]  *See* Dkt. 30.  Truck-Lite responded in opposition on December 19, 2018, and Grote replied on December 28, 2018.  Dkts. 31, 32.

United States Magistrate Judge Michael J. Roemer—who was designated under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C) to hear and determine, and to report and recommend on, all matters in this case (Dkt. 12)—held oral argument on January 7, 2019.  Dkt. 33.  Judge Roemer then requested supplemental briefing, which the parties filed in January and February 2019.  Dkts. 33, 36, 37, 38, 39.  And on April 2, 2019, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court[3] deny both the personal jurisdiction and summary judgment aspects of Grote's motion.  Dkt. 40.

The R&R recommends that the Court has personal jurisdiction over Grote for Truck-Lite's strobe and stop/tail/turn lamp claims under New York's long-arm statute (CPLR § 302(a)(3)(ii)), and that exercising personal jurisdiction over Grote for those claims comports with due process.  *See* Dkt. 40, at 9-15.  It then recommends that the Court may, and should, exercise pendent personal jurisdiction over Grote for Truck-Lite's TTAB claim.  *See id.* at 15-17.  Finally, the R&R

---

[2] Grote later acknowledged that it does not challenge personal jurisdiction for Truck-Lite's work-lamp claims (Counts I and IV), and that its motion to dismiss for failure to state a claim should be treated as a motion for summary judgment.  *See* Dkt. 40, at 1 n.1, 7.

[3] This case was originally assigned to Hon. Lawrence J. Vilardo, who entered the referral to Judge Roemer, and to whom the R&R was addressed.  *See* Dkts. 12, 40.  On January 6, 2020, the case was reassigned to the undersigned.  Dkt. 45.

2

recommends that Grote's request for summary judgment on nine of Truck-Lite's claims was premature. *See id.* at 18. Grote objected to the R&R on April 16, 2019, challenging all three recommendations. Dkt. 41. Truck-Lite responded on May 8, 2019. Dkt. 43. And Grote replied on May 21, 2019. Dkt. 44.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R, the briefing on objections, and the relevant record. Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Grote's motion in its entirety. Grote's objections to the pendent personal jurisdiction portion of the R&R merit brief further discussion.

Put simply, a court may exercise pendent personal jurisdiction "over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which a court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004); *see also United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) ("Pendent personal jurisdiction . . . exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus

3

of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim."). Stated otherwise, pendent personal jurisdiction exists where: (1) the court has personal jurisdiction over the defendant with respect to one claim, via either a statute authorizing nationwide service of process or the forum state's long-arm statute; and (2) the plaintiff raises another claim against that defendant, based on the same core facts, for which the court lacks an independent basis for personal jurisdiction. *See Action Embroidery*, 368 F.3d at 1180; *Botefuhr*, 309 F.3d at 1272.

Grote argues that the R&R ignores two elements of the Second Circuit's pendent personal jurisdiction test—an anchor claim based on a federal statute that authorizes nationwide service of process and a pendent state-law claim. *See* Dkt. 41, at 9. Rather than pronounce a concrete test with required elements, however, the Second Circuit cases Grote alludes to involved holdings based on the particular facts before that court.

Statutory nationwide service of process, for example, is one way in which a court may obtain personal jurisdiction. The cases that Grote suggests require nationwide service of process presented anchor claims based on federal statutes that authorized nationwide service of process; naturally, then, the analysis in those cases focused on nationwide service of process. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018) (considering pendent personal jurisdiction over state-law claims based on claims under Securities Exchange Act, which authorizes nationwide service of process); *IUE AFL-CIO Pension Fund v.*

4

*Hermann*, 9 F.3d 1049, 1056 (2d Cir. 1993) (considering pendent personal jurisdiction based on claims under ERISA's Multiemployer Pension Plan Amendments Act, which authorizes nationwide service of process). *But see Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1253 (D. Colo. 2010) (exercising pendent personal jurisdiction over defendant for patent infringement claim, after concluding that forum state's long-arm statute conferred personal jurisdiction over defendant for different patent infringement claim). The Second Circuit in *Charles Schwab* and *IUE AFL-CIO* did not consider whether it had personal jurisdiction via the forum state's long-arm statute because—unlike here—the issue was not before it.

Likewise, that the Second Circuit cases analyzing pendent personal jurisdiction involve pendent state-law claims does not mean that pendent claims must be state-law claims. Pendent personal jurisdiction "traces its origins to federal question cases where state law claims were tacked onto federal causes of action under pendent [or supplemental] subject matter jurisdiction." *Botefuhr*, 309 F.3d at 1272 (internal quotations and citation omitted). Consequently, the doctrine "has been widely applied where the additional claims have been state claims." *Alcohol Monitoring Sys.*, 682 F. Supp. 2d at 1253.

But "several courts have applied . . . pendent personal jurisdiction where the additional claim is a federal claim." *Id.* (citing cases); *see also Kadow v. First Fed. Bank*, No. 8:19-cv-566-PWG, 2020 WL 5230560, at *11 (D. Md. Sept. 2, 2020) (exercising pendent personal jurisdiction over defendant for Real Estate Settlement

5

Procedures Act claims based on plaintiff's Sherman Act claims); *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 555-56 (E.D. Va. 2009) (after thorough analysis, "conclud[ing] that the Fourth Circuit has approved the exercise of pendent personal jurisdiction over claims arising over a common nucleus of operative fact, whether the additional claim is a state claim or a federal claim"). Grote points to no reason why the Second Circuit would not reach a similar conclusion if presented with such a case, and the case law suggest none.

Each of Truck-Lite's claims involve the penta-star pattern, and either Grote's alleged infringement of that pattern or Grote's challenge to registration of the pattern. *See generally* Dkt. 29. Grote does not dispute personal jurisdiction with respect to Truck-Lite's work-lamp claims (Counts I and IV), which are based on the penta-star pattern, the '319 application, and the '147 registration. *See id.* Because (1) the Court undisputedly has personal jurisdiction over the work-lamp claims, (2) Judge Roemer recommends—and this Court agrees—that the Court has personal jurisdiction over the strobe lamp and stop/tail/turn lamp claims, and (3) Truck-Lite's TTAB claim involves the same nucleus of operative facts as those claims, the Court may, and does, exercise pendent personal jurisdiction over Truck-Lite's TTAB claim.[4] As Judge Roemer aptly noted: "the Court finds no principled reason not to apply pendent personal jurisdiction" here. *See* Dkt. 40, at 16.

---

[4] The Court also agrees with Judge Roemer's recommendation that this pendent personal jurisdiction analysis allows it to exercise pendent personal jurisdiction over Truck-Lite's remaining seven claims because those claims, too, are based on the same nucleus of operative facts. *See* Dkt. 40, at 17 n.9.

6

For the reasons stated in the R&R and those stated here, the Court DENIES Grote's motion to dismiss and for summary judgment (Dkt. 30). The Court refers this case back to Judge Roemer for further proceedings.

SO ORDERED.

Dated:     September 29, 2020
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE